FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JAN 2 6 2007

JAMES N. HATTEN, Clerk
By /s/ Jewell Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHERWIN HOWARD, Inmate No. 90786-020, Plaintiff, | CIVIL ACTION NO. 1:06-CV-648-TWT |
| v. | BIVENS 28 U.S.C. § 1331 |
| WARDEN WILEY, USP-ATLANTA; Dr. RAFAEL ROMAN; Dr. HOFFMAN; V. GONZALEZ; SMITH; Dr. IVAN NEGRON; JANE AND JOHN DOE; Defendants. | FEDERAL TORT CLAIMS ACT 28 U.S.C. § 2671 |

## ORDER AND OPINION

Plaintiff Sherwin Howard, an inmate incarcerated in the United States Penitentiary in Atlanta, Georgia (hereinafter "USP-Atlanta"), has been granted leave to proceed in forma pauperis in the instant pro se civil action. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual

AO 72A
(Rev.8/82)

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

II.   Plaintiff's Claims

Plaintiff has filed the instant Federal Tort Claims Act ("FTCA") and Bivens action against: (1) Ron Wiley, Warden at USP-Atlanta during the time that the events about which Plaintiff complains occurred; (2) John and Jane Doe, both of whom were employed as medical staff at USP-Atlanta during that time; (3) Rafael Roman, USP-Atlanta's Clinical Director; (4) Ms. Smith, Hospital Administrator; (4) V. Gonzalez, psychiatrist at USP-Atlanta; (5) Dr. Hoffman, Orthopedic Doctor; (6) Dr. Carbonnell, Medical Doctor at USP-Atlanta; and (7) Mr. Negron, Medical Officer at USP-Atlanta. Plaintiff complains that: (1) on March 16, 2003, he injured his Achilles tendon while playing basketball at USP-Atlanta; (2) on March 17, 2003, Plaintiff was evaluated by a mid-level practitioner on the medical staff and was referred to an orthopedist; (3) on May 12, 2003, Plaintiff was examined by the orthopedic consultant, who recommended surgery to repair the

2

tendon; (4) the orthopedic consultant also recommended that Plaintiff be examined by a cardiologist prior to having surgery to ensure that Plaintiff's pacemaker battery was working properly; (5) on May 22, 2003, Plaintiff's cardiology evaluation revealed that his pacemaker battery was working properly; (6) on August 28, 2003, Plaintiff was examined by an outside cardiologist consultant for a pacemaker evaluation; (7) the cardiologist consultant recommended that Plaintiff's pacemaker be replaced before Plaintiff was to undergo surgery to repair the Achilles tendon; (8) on September 5, 2003, Plaintiff underwent surgery to replace his pacemaker; (9) from September, 2003, through January 2004, USP-Atlanta medical staff monitored Plaintiff's condition through echo cardiograms and stress tests; (10) no problems were indicated through the tests, and Plaintiff was cleared for surgery; (11) on January 5, 2004, however, the cardiologist and staff physician recommended a six-month follow-up with regard to the pacemaker; (12) on June 23, 2004, the cardiologist again cleared Plaintiff for the surgery to repair his Achilles tendon; (13) Plaintiff's surgery was not performed until November 14, 2004, five months later; and (14) Plaintiff was not provided with follow-up care or physical therapy following the surgery. Plaintiff claims that the delay in surgery as well as the failure to provide follow-up medical care or

physical therapy resulted in severe pain and suffering as well as serious deterioration of use of his left leg, such that he walks with a limp. Plaintiff seeks declaratory, equitable and monetary relief.

III.  Analysis of Plaintiff's Claims

    A.  FTCA

        1.  Prerequisites

"It is well settled that sovereign immunity bars suit against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999) (citing United States v. Mitchell, 445 U.S. 535, 538 (1980)). Congress has carved out a limited waiver of sovereign immunity under the FTCA. The FTCA applies to civil action claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Before a district court has jurisdiction to entertain an FTCA action, a plaintiff must first present his claim to the appropriate federal agency and wait for

4

the agency to deny it. 28 U.S.C. § 2675(a). Plaintiff brings this action pursuant to the FTCA, within six months of the final denial of his claim by the Federal Bureau of Prisons. [See Docs. 1, 9]. Therefore, Plaintiff appears to have met the prerequisite for filing an action against the United States for monetary damages as outlined in 28 U.S.C. § 2675.

> 2. FTCA Claims

Plaintiff argues that Defendants' actions in delaying his surgery for over eighteen months, exacerbating his injury and causing his leg to permanently be injured, constituted medical indifference and negligence. The Court first notes that it appears that up until June of 2004, Defendants were concerned with Plaintiff's pacemaker and were taking necessary measures to ensure that Plaintiff's heart could withstand the surgery. Thus, the Court cannot find that Defendants were negligent during that period of time.

There is nothing to indicate any such justification, however, of the five-month delay following his second clearance for surgery by the cardiologist in June of 2004, or for the failure to provide Plaintiff with follow-up care and physical therapy, all of which he complains contributed to the pain and permanent injury to his leg. As such, in light of Plaintiff's compliance with the FTCA and in

5

deference to his pro se status, this Court cannot find that Plaintiff's negligence claim with regard thereto is "clearly baseless" or "indisputably meritless." Carroll, 984 F.2d at 393.

B.     28 U.S.C. § 1331

      1.     Bivens and 42 U.S.C. § 1983

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court held that a violation of a person's constitutional rights by a federal officer gives rise to a damages action in federal court, brought pursuant to 28 U.S.C. § 1331. "Because of the similarity in the causes of action, a Bivens case challenges the constitutionality of federal officials' conduct, while § 1983 challenges the constitutionality of state officials' conduct, we 'generally apply § 1983 law to Bivens cases.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (per curiam)).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th

6

Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation), cert. denied, 540 U.S. 1219 (2004).

### 2. Plaintiff's Deliberate Indifference Claim

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. If prison officials delay or deny access to medical care or intentionally interfere with treatment once prescribed, the Eighth Amendment is violated. Estelle, 429 U.S. at 104. The indifference can be manifested by prison medical staff members in taking the easier and less efficacious route in the treatment of an inmate. Williams v. Vincent, 508 F.2d 541 (2d Cir. 1974).

A delay in treatment can constitute deliberate indifference, depending on the circumstances and the length of the delay. Hinson v. Edmond, 192 F.3d 1342, 1348 (11th Cir. 1999). "[A]n official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay." Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997). Moreover, "[a] core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness." McElligott v. Foley, 182 F.3d 1248, 1257 (11th Cir. 1999).

Here, as discussed above, Plaintiff complains that Defendants delayed Plaintiff's surgery for at least five months after he was cleared for surgery the second time, causing him severe pain and deterioration of leg movement. Based on these allegations and in deference to Plaintiff's pro se status, the Court finds that Plaintiff has alleged enough facts to proceed beyond the initial screening process. Compare, Hemmings v. Gorczyk, 134 F.3d 104, 106 (2d Cir. 1998)

(reversing district court's dismissal of deliberate indifference claim where plaintiff claimed that he was not properly diagnosed for a torn Achilles tendon for at least two months).

IV. Conclusion

In light of the foregoing analysis, Plaintiff's FTCA and Bivens claims are **ALLOWED TO PROCEED** as any other civil action.

V. Directions

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant.[1] The service package must include the USM 285 form, the summons, and one (1) copy of the complaint.

Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to serve each Defendant in accordance with the requirements of Rules 4(i)(2)(A) and 4(i)(2)(B) of the Federal Rules of Civil Procedure.[2] The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

---

[1] A waiver package is not appropriate in this case because Defendant is a governmental entity or the representative of a governmental entity. See Fed.R.Civ.P. 4(d)(2)(specifying the types of defendants covered by the service-waiver provisions).

[2] Rule 4(i)(2)(B) specifies that service on a federal officer sued in his or her individual capacity (whether or not the official is also served in an official capacity) is effected by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought; (2) sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States; (3) sending a copy of the summons and complaint by registered or certified mail to the federal office named as a defendant; and (4) by delivering a copy of the summons and of the complaint to the individual personally by leaving copies thereof at the individual's dwelling house with a person of suitable age and discretion residing therein or by delivering a copy of the summons and complaint to an agent authorized to receive such process.

Plaintiff is **DIRECTED** to serve upon Defendants or their counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendants or their counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED to KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED**, this 26 day of January, 2007.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

11

AO 72A
(Rev.8/82)